IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**RAY QUIROZ**,

      Plaintiff,

vs.                                                                    No. 09cv311 MCA/CEG

**COUNTY OF EDDY AND ITS BOARD OF
COUNTY COMMISSIONERS, et al.,**

      Defendant.

## ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Unopposed Motion for Reimbursement of Expert Witness Costs* [Doc. 38], filed February 9, 2010.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds as follows:

1.     By *Order* entered September 10, 2009, the magistrate judge assigned to this matter appointed David Meilleur, Esq. to represent Plaintiff Ray Quiroz, formerly a *pro se* litigant/prisoner, who had filed a New Mexico Tort Claims Act action against Defendants in connection with Defendants' alleged deprivation of adequate medical treatment at a time when Plaintiff was a pretrial detainee. [See Docs. 1, 22].

2.     By text-only *Order* entered January 5, 2010 (and amended on February 5, 2010), the magistrate judge denied Plaintiff's request for the reimbursement of expert-witness fees up to an amount of $5,000.00, explaining that requests for authorization of such expenses are to be directed to this district's Bench and Bar Fund Committee. [See

Docs. 31, 32, 34].

3.    The magistrate judge subsequently advised counsel for Plaintiff to file a motion

seeking the approval of the undersigned United States District Judge with respect to

the request for reimbursement of expert-witness fees.  Counsel filed that motion on

February 9, 2010. [See Docs. 36, 38].

4.    In his motion, counsel represents that he anticipates that the total cost of the two

expert witnesses he has consulted (but not yet retained) will be $7,500.00. [Doc. 38

at 3].

On December 19, 2007, this district entered an *Amended Administrative Order* for

purposes of, among other things, clarifying "the proper use of monies deposited in the

Federal Bench and Bar Fund. . . ."  See *Amended Administrative Order*, Misc. No. 91-09 at

1 (D.N.M. Dec. 19, 2007).  The *Amended Administrative Order* provides, in pertinent part,

that

> [r]eimbursement of costs and out-of-pocket expenses necessarily
> incurred in representing *pro se* litigants under the Court's pro
> bono plan up to $2500, or additional amounts for good cause
> shown, for which the use of appropriated funds is not legally
> permissible; also, certain investigative costs, **including expert
> fees in malpractice cases under the plan**, incurred by an
> attorney **before accepting appointment** to represent a *pro se*
> litigant, may be allowed **up to $750** as part of the total available
> $2500 reimbursement.

See id. at 7 (emphasis added).  The *Amended Administrative Order* also specifically states

that its "reimbursement provisions supplement those in the *Order* governing the Civil Pro

Bono Plan of the United States District Court for the District of New Mexico, Misc. No. 95-

2

189, filed October 13, 1995." Id.   Pursuant to the 1995 *Order*, "[u]nacceptable costs include[d] . . . [e]xpert witness fees, unless expert [was] appointed by the Court." See *Order*, Misc. No. 95-189 at 6 (D.N.M. Oct. 18, 1995).

This Court concludes that, under the terms of the *Amended Administrative Order*, expert-witness fees are not authorized in this matter because any such fees were not incurred **before** the attorney appointment was made.  Moreover, it is not even clear that fees have yet been incurred **at all**, as "[c]ounsel has conferred with two potential experts . . .without retaining them until counsel learns whether expenses will be reimbursed." [Doc. 38 at 3].

Although the Court's independent research has turned up no cases precisely on point, the Court has reviewed and found instructive factually similar cases in which other district courts have exercised their discretion under Rule 706(a) of the Federal Rules of Civil Procedure (and otherwise) in denying motions to appoint experts.

In Schaal v. Fender, the court denied the plaintiff's *Motion for Court Order for the Plaintiff to be Given Comprehensive Medical Examination and Testing by Medical Specialist(s) Appointed by, and Paid for by, This U.S. District Court*.  Schaal v. Fender, 2008 WL 5225882 (D.Colo., Dec, 12, 2008).  That court reasoned that, "[e]ven though plaintiff's case involve[d] medical issues, th[e] case [was] not overly complex or scientific. . . ." Id. at *1.

In Seawright v. Kyler, the court explained that a *pro se* prisoner/plaintiff was not entitled to appointment of counsel from the district's "relatively small *pro bono* list[,]" even though the plaintiff's medical-malpractice claim against prison officials required the

presentation of expert testimony.  Seawright v. Kyler, 2006 WL 709118, at *6 (M.D.Pa.

March 13, 2006).  Noting from personal experience that "medical negligence cases . . .

involve[d] substantial expense[,]" the court explained that "[t]he funds available to reimburse

counsel for the retention of experts, unfortunately, [were] extremely limited."  Id. at *7.  The

court concluded that "[r]ealistically, a court must use restraint in referring cases for review

to the *pro bono* panel, or suffer the consequences of diminished credibility for those cases

that truly merit *pro bono* intervention."  Id.

Finally, in Pabon v. Goord, the court denied the *pro se* plaintiff/prisoner's motion for

the appointment of a medical expert to assess the plaintiff's claim that prison officials had

unlawfully delayed surgery to remove a tumor from the plaintiff's brain.  As an initial matter,

the court reasoned that, in cases where the defendants would be required to bear the cost of

the expert, "such measures should be taken sparingly, particularly given the large volume of

cases in which indigent prisoners allege the improper deprivation of medical care. . . ."

Pabon v. Goord, 2001 WL 856601, at *2 (S.D.N.Y. July 30, 2001).  Additionally, and as is

relevant in the instant case,

> in Eighth Amendment medical care cases, where a prisoner is
> alleging deliberate indifference to his serious medical needs, the
> subjective element of deliberate indifference turns on the state
> of mind of the official, *i.e.*, whether an official "knows of and
> disregards an excessive risk to inmate health or safety; the
> official must both be aware of facts from which the inference
> could be drawn that a substantial risk of harm exists, and he
> must also draw the inference." An analysis of this issue does not
> involve "probing, complex questions concerning medical
> diagnosis and judgment."

Id.  (internal citations omitted).

Accordingly, in light of this district's administrative orders and the above-cited persuasive authority from other districts, this Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Unopposed Motion for Reimbursement of Expert Witness Costs* [Doc. 38] is **DENIED**.

**SO ORDERED** this 15th day of June, 2010, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

5