IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RAY QUIROZ,**

      **Plaintiff,**

**vs.**                                                                                   **No CIV 09-311 MCA/CEG**

**COUNTY OF EDDY AND ITS BOARD OF
COUNTY COMMISSIONERS; et al.,**

      **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition*, (Doc. 83), filed on January 6, 2011. The Magistrate Judge recommended that Defendant's *Motion for Summary Judgment*, (Doc. 68), be granted in part and denied in part. Both parties filed objections to the Magistrate Judge's Proposed Findings. (*See* Doc. 85; Doc. 86; Doc. 87). This Court has conducted a *de novo* review of the Proposed Findings to determine the validity of both parties' objections. *See* 28 U.S.C. § 636(b)(1).

Defendants object to the Magistrate Judge's determination that Nurse Todd Bannister was not entitled to qualified immunity. (Doc. 85 at 1). Plaintiff objects to the Magistrate Judge's determination that Sgt. Bea Denninger was entitled to summary judgment. (Doc. 86 at 1). This Court finds that Defendant Bannister is not entitled to qualified immunity, and that Sgt. Denninger is entitled to summary judgment. For the reasons set forth below, the Court will overrule both parties' objections and will adopt the

Magistrate Judge's Proposed Findings and Recommended Disposition.

## I. De Novo Review and Analysis

### A. Defendant Todd Bannister is not Entitled to Qualified Immunity

Defendant Bannister contends that the Magistrate Court applied the wrong legal standards in considering whether Bannister was entitled to qualified immunity. (Doc. 85 at 1-2) ("The Proposed Findings and Recommended Disposition indicates that Defendant Bannister should be denied qualified immunity in this matter because the Plaintiff alleged that he suffered from substantial harm as a result of the Defendant's lack of medical care . . . . This is not the appropriate legal standard.")). Defendant Bannister's characterization of the Magistrate Judge's Proposed Findings is incorrect. In considering Bannister's qualified immunity claim, the Magistrate Judge correctly stated that,

> Review of summary judgment orders in the qualified immunity context differs from that applicable to review of other summary judgment decisions. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." . (citations omitted). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In determining whether the plaintiff has met his burden of establishing a constitutional violation, this Court must construe the facts in the light most favorable to the plaintiff as the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 380 (2007); *see also Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) ("The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity.")

(Doc. 83 at 19). The Magistrate Judge identified and applied the correct legal standard for reviewing Defendant's qualified immunity claim.

Bannister further claims that he is entitled to qualified immunity because Mr. Quiroz has failed to show that Bannister violated his constitutional rights. (Doc. 85 at 3-7). Bannister claims that Quiroz has not established the objective prong of an Eighth Amendment violation because the emergency room doctor merely dressed and cleaned the wound in Mr. Quiroz' toe. (Doc. 85 at 5-6). The Magistrate Judge fully addressed the import of the emergency room doctor's actions, and she correctly concluded that the doctor's relative inaction does not foreclose an Eighth Amendment claim. (Doc. 83 at 13). The doctor's actions do not prove that Mr. Quiroz' toe could not have been saved had Nurse Bannister promptly sent Mr. Quiroz to hospital as the toe rapidly worsened, which is the heart of Mr. Quiroz' claim. (*Id.*). Furthermore, the doctor may have provided little treatment to Mr. Quiroz because the toe was already necrotic and beyond saving by the time that Mr. Quiroz was brought to hospital. (*Id.* at 13-14). The Court is required to construe the facts in the light most favorable to the plaintiff as the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 380 (2007). Therefore, the Magistrate Judge correctly concluded that the emergency room doctor's decision to merely clean the toe and arrange for an immediate appointment with an orthopedic doctor supports Mr. Quiroz' contention that the delay in transporting Mr. Quiroz to the hospital caused him substantial harm. (Doc. 83 at 13-14).

Bannister next argues that Plaintiff has not established the subjective prong of his Eighth Amendment claim because he has not shown that Bannister knew of and disregarded an excessive risk to Plaintiff. (Doc. 85 at 7). Bannister again argues that the emergency room doctor's failure to take aggressive steps to treat the toe proves that

Bannister did not disregard an excessive risk to Plaintiff's health. (*Id.* ("As set forth above, the risk to the Plaintiff, and the need for additional medical care, was not obvious to a doctor at the hospital.")). This argument fails for the same reasons set forth above.

Bannister also claims that he did not disregard an excessive risk to Plaintiff because he treated the infection with antibiotics. (*Id.* ("The Plaintiff was treated and given antibiotics for what the Defendant believed was an infection. This treatment does not constitute a delay nor is it sufficient to establish the subjective component required to prove Plaintiff's claim.")). Once again, the Magistrate Judge addressed this argument. Mr. Quiroz does not claim that he received no treatment from Nurse Bannister, but rather that Bannister delayed transporting Mr. Quiroz to the hospital because he was infuriated with Mr. Quiroz' incessant and abusive requests for medical treatment. (Doc. 83 at 15-16). Nurse Bannister's objections fail to address Mr. Quiroz' claim that Bannister intentionally delayed transporting Plaintiff to the hospital out of spite.

The Court finds that, when taking the evidence in the light most favorable to Plaintiff, Mr. Quiroz has established a violation of his Eighth Amendment rights. Defendant Bannister is not entitled to qualified immunity and Defendant Bannister's objections are overruled.

### B. Sgt. Denninger is Entitled to Summary Judgment

Plaintiff objects to the Magistrate Judge's determination that Sgt. Bea Denninger is entitled to summary judgment. (Doc. 86). Plaintiff claims that Sgt. Denninger forced him to walk to the padded cell, that she ignored him while he was suffering in the padded cell, and that those actions constitute "the unnecessary and wanton infliction of pain" in violation of

the Eighth Amendment. *Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir. 1983). Plaintiff's objections are without merit.

Plaintiff cites to *Sampley v. Ruettgers*, 704 F.2d 491 (10th Cir. 1983) to support his argument that Sgt. Denninger violated his constitutional rights. However, Plaintiff's reliance on *Sampley* is misplaced since that case does not reflect the standard for deciding whether prison officials deliberately disregarded a prisoner's serious medical needs. As Defendants' counsel points out, the "unnecessary and wanton" standard referenced in *Sampley* is typically used to determine whether a prison official used excessive force against an inmate. (Doc. 87 at 1-3). The Tenth Circuit's parsing of the "unnecessary and wanton" standard makes clear that the standard is used to adjudicate claims of excessive force. *Sampley,* 704 F.2d at 495.

> First, "wanton" requires that the guard have intended to harm the inmate. Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline. Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.

*Id*.

The "unnecessary and wanton" test is not the controlling standard when a plaintiff claims that prison officials deliberately disregarded his serious medical needs. In *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976), the Supreme Court set forth the now-familiar two-pronged Eighth Amendment inquiry, which contains both an objective and a subjective prong. *Estelle*, 429 U.S. at 103-104; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Indeed, Plaintiff acknowledged in his response to Defendants' motion for summary judgment that *Estelle's* two-prong test supplied the relevant standard in considering whether Sgt. Denninger was deliberately indifferent to Mr. Quiroz' medical needs. (*See* Doc. 71 at 8-9).

5

Therefore, inasmuch as Plaintiff claims that Sgt. Denninger's actions constitute "the unnecessary and wanton infliction of pain," this Court overrules those objections since they do not address either the objective or subjective prong of the proper legal standard. If Plaintiff is attempting to argue that Sgt. Denninger used excessive force against Mr. Quiroz, his objection will be overruled since he never before made such a claim and new contentions or theories may not be raised in objections to a Magistrate Judge's Proposed Findings. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived."); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (holding that courts may not consider new issues in objections to a Magistrate Judge's recommended disposition).

**IT IS THEREFORE HEREBY ORDERED** that

1) The Magistrate Judge's Proposed Findings and Recommended Disposition be and hereby are adopted by the Court.

2) Plaintiff's Fifth Amendment and 14th Amendment claims against all defendants be and hereby are **DISMISSED WITH PREJUDICE**;

3) All claims against the County of Eddy, the Eddy County Sheriff, the Eddy County Jail, and the medical services provider for Eddy County Jail be and hereby are **DISMISSED WITH PREJUDICE**;

4) Summary judgment be **DENIED** as to defendant Todd Bannister;

5) Summary judgment be **GRANTED** as to defendant Bea Denninger;

6) Summary judgment be **GRANTED** as to the Board of Commissioners for the County of Eddy.

**So entered this 22nd day of March, 2011.**

_____
M. CHRISTINA ARMIJO
United States District Judge